IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEBRA L. TAYLOR, | * | |
| | * | |
| v. | | |
| | * | Civil No. RDB-19-1404 |
| TYLER D. EDWARDS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Currently pending before this Court is interested party State Farm Insurance Company's ("State Farm") Motion to Reconsider Order Granting Alternative Service. (ECF No. 11.) State Farm petitions the Court to reconsider its order allowing alternative service on State Farm in this action against State Farm's insured, Defendant Tyler Edwards. (*Id.*) Plaintiff did not file an opposition and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, State Farm's motion to reconsider (ECF No. 11) is DENIED.

On May 13, 2019, Plaintiff Debra Taylor filed suit against Defendant Tyler Edwards on the basis of diversity jurisdiction, asserting one count of negligence as a result of a motor vehicle accident. (ECF No. 1.) On October 9, 2019, Plaintiff petitioned the Court to allow service of process by alternative method because Plaintiff was unsuccessful in serving process on Defendant. (ECF No. 8.) Specifically, Plaintiff made many unsuccesful attempts to locate and serve the Defendant on May 20, 2019, May 23, 2019, June 1, 2019, June 15, 2019, June 20, 2019, August 21, 2019, August 24, 2019, and August 26, 2019. (*Id.*) Plaintiff also provided

affidavits from the process server detailing these attempts (ECF Nos. 6-3, 8-3.) At the time of the accident, the vehicle operated by Defendant was insured by State Farm. (*Id.*) Plaintiff mailed a courtesy copy of the Complaint to State Farm on May 13, 2019. (*Id.*) On October 10, 2019, this Court granted Plaintiff's Motion for Alternative Service on State Farm. (ECF No. 9.) State Farm now seeks reconsideration of this Court's ruling. (ECF No. 11.)

An unsuccesful litigant may move for the reconsideration of a court's interlocutory order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991). This Court's discretion to revise its interlocutory orders "is not limitless." *U.S. Tobacco Coop. Inc. v. Big South Wholesale of Virginia, Inc.*, 899 F.3d 236, 256 (4th Cir. 2018) (quoting *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). An interlocutory order may only be amended to account for "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.*

State Farm asserts that alternate service on it was prejudicial to both Defendant and State Farm and that Plaintiff did not demonstrate that the alternate method was "reasonably calculated to give actual notice" to Defendant. (ECF No. 11 at 1-3.) Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served "pursuant to the law of the state in which the district court is located." Maryland Rule 2-121(c) provides that, when presented with an affidavit stating that good faith efforts have been made to serve the defendant, "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." To pass constitutional muster, such notice "is that which is 'reasonably calculated, under all the circumstances, to apprise interested parties

2

of the pendency of the action and afford them an opportunity to present their objections.'"

*Elmco Props., Inc. v. Second Nat'l Fed. Sav. Asss'n*, 94 F.3d 914, 920-21 (4th Cir. 1996) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L.Ed. 865 (1950)).

The Court finds no basis to amend its ruling. Plaintiff provided an affidavit stating that good faith efforts to serve the defendant were unsuccesful. (ECF No. 8-3.) In addition, Plaintiff asserted that the vehicle operated by the Defendant at the time of the accident was insured by State Farm, and provided the name of the adjuster assigned to the claim. (ECF No. 8 at 1.) In Maryland, an insurer's duty to defend is triggered by the existence of the potentiality of coverage. *Mutual Ben. Group v. Wise M. Bolt Co, Inc.*, 227 F. Supp. 2d 469, 475 (D. Md. 2002) (citing *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 407-08, 347 A.2d 842 (1975)). Here, Plaintiff alleges and State Farm concedes, that it is the liability insurance carrier for Defendant. (ECF No. 8; ECF No. 11 ¶ 3.) It is certainly reasonable to believe that serving process on Defendant's insurer assigned to the claim for which Plaintiff bases this suit would provide actual notice to Defendant.

Accordingly, for the foregoing reasons, it is this 19th day of December, 2019, ORDERED that:

1) State Farm's Motion for Reconsideration (ECF No. 11) is DENIED;

2) The Clerk of the Court transmit copies of this Order to Counsel.

*/s/ Richard D. Bennett*

Richard D. Bennett
United States District Judge